2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 1 2002

Michael N. Milby, Clerk of Court

THE UNITED STATES OF AMERICA
PLAINTIFF,

B-02.127

v.

Cr. No. B-98-394-01

United States District Court
Southern District of Texas
FILED

MANUEL ALBERT MARTINEZ
DEFENDANT

JUN 1 2 2002

Michael N. Milby
Clerk of Court

Motion Request Bureau of Prisons, Under Control of The
Department of Justice To Comply With The American With
Disability Act of 1990 (ADA) and Provide Accessibilty To All
Bathroom Facilities at the Federal Medical Center, Fort Worth
Texas, That Conditions As Exist are Subjecting Defendant to
Cruel and Unusual Punishment Due to Bureau of Prisons and
Department of Justice Not Complying With Federal Laws.

113

To The Honorable Judges of Said Court:

The Southern District issued a Judgement against defendant in January 2000. Bureau of Prisons assigned defendant to the Federal Medical Center in Fort Worth, Texas for chronic medical care. Defendant has determined that the facility is not in compliance to the American with Disability Act of 1990 (ADA) and is not providing adequate access as required by federal law in regard to handicapped wheelchaired inmate. That the Bureau of Prisons and the Department of Justice has known and allowed these conditions for several years, defendant will respectfully show the court conditions are in violation of federal law and defendant has been subjected to those conditions per this courts judgement.

I

Manuel Albert Martinez, plead guilty to counts three (3), five (5) and seven (7), in violation of 18 U.S.C. 1341 (mail fraud) 18 U.S.C. 666 (a) (1) (A) (b) & 18 U.S.C. 20 (Theft from Organizations receiving federal funds), and 18 U.S.C. 1956 (a) (1) (B) (l) (Money Laundering). He was sentenced to serve fifty-seven (57) months in the Bureau of Prisons on each count to run concurrently and a three year term of supervised release on each count also to run concurrent. The court did not impose a fine, but did impose a one-hundred dollar special assessment for each count for a total of $300.00. The court also ordered Mr.Martinez to pay restitution in the amount of $953,322.07 in 35 equal payments beginning 30 days after commencement of the term of supervised release.

II

The defendant arrived at the Federal Medical Center in March 2000 per Bureau of Prison designation. During custody defendant realized the Bureau of Prisons (BOP) did not adequately provide access to wheelchaired inmates and this was discriminatory in its practices regarding accessibilty. The discriminatory issue is prohibited by Bureau of Prison in its Program Statement #1040.03, dated April 18, 1994, becoming effective April 6, 1994 During the course of confinement defendant had problems in accessing bathroom areas in recreation and kitchen areas. Bureau of prison advised defendant to initiate the administrative remedy procedure. The conditions evidently had existed for many years thus confirming  BOP was not and had not been in compliance to federal laws in regard to accessibility.  These conditions were forced upon defendant by acts of negligence of the Bureau of Prisons.Enclosed to this motion are two (2) complaints filed both support these facts:

1. Conditions had existed for several years and Bureau of Prisons never attempted to correct until complaint was filed.
2. Bureau of prisons was aware federal law complinace was questionable and allowed defendant to live in these conditions nor did BOP advise respective court of facility accessibility problems.
3. The judgement of this respective court forced these conditions upon defendant conditions which are prohibited by the U.S. Constiutition.

During the course of the administrative remedy procedure little improvements were made. Even with improvements made conditions are still in violation of law. At present any court would recognize upon inspection of said facilities that BOP did not make an honest attempt to remedy these issues. When a handicapped individual is unable to use bathroom facilities, which BOP affirms is accessible. This supports BOPs' deliberate indifference to the rights of the disabled.

### III

Defendant prays this court recognize the right of defendant to be confined in a safe humane and secure environment to insure compliance with court ordered sanctions. The fact that this defendant was forced to urinate on himself based on BOP not allowing access to recreation area bathrooms confirm deliberate negligence. Request this court issue a decree and/or motion to insure BOP provides adequate access to this defendant and the court recognize these conditions were forced upon defendant by non-compliance to federal law. That this court be held under full compliance to all federal laws in particular the American with Disability Act. of 1990 and provide equal access to all of the disabled. Defendant prays court to intercede on this matter.

Respectfully submitted,

Manuel Albert Martinez
#88613-080
Federal Medical Center
P.O. Box 15330
Fort Worth, Texas 76119

April 8, 2002

Memorandum:

Cop out submitted to Mr. Litton Engineer Technician for Bureau of Prisons

Subject affirms violations of federal laws.
Mr. Litton affirms conditions need corrective action conditions have existed for over 10 years.

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr. Litton - Engineer Technician | DATE: 3/28/2002 |
|---|---|
| FROM: M. Martinez | REGISTER NO.: 88613-080 |
| WORK ASSIGNMENT: | UNIT: Dallas |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Regarding. Statement of Fact In Reference To Religious Meal - Jewish Seder Passover (Meal & Service) - 3/27/2002 6:00 PM - Kitchen Area - Notification of Non-Compliance to ADA and United Federation Accessability Standards (UFAS) - Kitchen Area Bathrooms

On 3/27/2002 While attending Jewish Seder, I needed to use facilities (bathrooms), was unable due [unaccessability to] wheelchair/chair had to be carried in, in order to use. This notification affirms Violations under federal law, request corrective measures. Conditions have evidently existed for several years. I have notified Food Service to document this incident. Please advise if you can assist on this matter.

(Do not write below this line)

DISPOSITION: During our SMIAS Survey. This WAS Listed as A priority No. 3. A Work Request will be issued ESTIMATE's And prints will be PrepARE, So Corrected ACTION CAN be TAKEN to Correct This MATTer.

| Signature Staff Member | Date 3-29-02 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

April 8, 2002

Memorandum:
Met with Mr. Litton, engineer technician for BOP, BOP agreed to do the following on
March 11, 2002 -Informally Resolved: Explained I had accident, urinated on self due to
being unable to get into bathroom. Repaisr entrance door to recreatio area to allow better
access. BOP also agreed to remove door and door frame from existing bathroom to allow
wheelchair access.

Note: This condition was agreed to based on Mr. Litton notify BOP could do nothing
more. Condition is still not in compliance to federal law (American with Disability Act of
1990), bathroom is still not fully accessible due to lack of space.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

REQUEST FOR . MINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Martinez Manuel A.            88613-080      Dallas      FMC-Fort Worth
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.         UNIT          INSTITUTION

Part A– INMATE REQUEST Mr. Littan does not respond to the specific complaint. The ramp rea needs adjustment (door area), when wheelchaired inmates try to leave the oor slams onto the wheelchair pushing the chair back inside due to slope thus t becomes difficult to open door unless someone assists, Mr. Littan also does not espond to bathroom unit in recreation building that is not handicapped accessible, he note utside bathroom is accessible. This is not acceptable the issue of having disabled wheelchaired inmates use outside facilities is discriminatory and is prohibited by S. 1040.03. It forces the wheelchaired individuals to go outside area subjecting them to any weather conditions due to no inside accessible athroom. This is inappropriate and is subjecting the disabled to rights violations. Request BoP officials inspect site and realize these issues need correction as non-action is violating the rights of the disabled.

3-4-2002
    DATE                                                         SIGNATURE OF REQUESTER

Part B– RESPONSE

Rcvd
3/6/02

3/11/02

Informally Resolved

(Eng. Tec. 1)

- 88613-080

_____                              _____
      DATE                                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: 26/861-F1

                                                  CASE NUMBER: 26/861-F1

Part C– RECEIPT

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

3/6/02
  DATE                                  RECIPIENT'S SIGNATURE (STAFF MEMBER)

FTW 1330.13c
April 1st, 1999
ATTACHMENT 1

REQUEST FOR ADMINISTRATIVE REMEDY - ATTEMPT AT INFORMAL
RESOLUTION

Date Delivered to Inmate: _02-21-02_    By: _____
                                          (Staff Name)

Bureau of Prisons Program Statement 1330.13 requires that "An
inmate shall first present an issue of concern informally to
staff before an inmate submits a Request for Administrative
Remedy."  Also, the staff member must try to resolve the
complaint informally before the inmate will be given a BP-9 form.

***********************************************************
1.   Write your complaint in this space, as briefly as possible,
     including details and facts which support your request.
     _Ramp at Recreation Area needs adjustment, Bathroom in Rec. Area is Not in_
     _Compliance to American With Disabilities Act of 1990, 12 year old law, access_
     _to area is discriminatory - Violation of P.S. 1040.03_

2.   What action do you wish to be taken to correct the
     situation?
     _repair ramp, install handicapped bathroom and comply with 12 year old law,_
     _provide more equal access to area_

3.   What have you done to informally resolve this matter?  To
     whom have you spoken? _Mr. Enig 2/15/2002_
     _See attached notices noting violation of law by BOP_

Inmate Name: _M. Martinez_    Reg. No.: _88613-080_    Unit: _Dallas_

Date: _2/22/02_
***********************************************************
Date Informal Submitted to Staff: _02-22-02_    Submitted to: _NVargas_

The unit staff member who has attempted to resolve the matter
informally will indicate below the efforts he has made.  Be
specific, but brief:
_The ramp mentioned above is in compliance with "United Federation_
_Accessibility Standards" (UFAS) and ADA standards. Also The_
_bathroom on The Recreation area (outside) is handicapp accessible_
_We are making every reasonable accommodation possible_
_but not bathroom_

Responded to by: _N Vargas / mr Litton_    Date: _02-25-02_

Reviewed by Unit Manager: _____    Date: _2/25/02_

***********************************************************
Date BP-9 Delivered to Inmate: _2-26-02_    Delivered by: _NVac_

To The Honorable Judges of Said Court:

The Southern District issued a Judgement against defendant in January 2000. Bureau of Prisons assigned defendant to the Federal Medical Center in Fort Worth, Texas for chronic medical care. Defendant has determined that the facility is not in compliance to the American with Disability Act of 1990 (ADA) and is not providing adequate access as required by federal law in regard to handicapped wheelchaired inmate. That the Bureau of Prisons and the Department of Justice has known and allowed these conditions for several years, defendant will respectfully show the court conditions are in violation of federal law and defendant has been subjected to those conditions per this courts judgement.

I

Manuel Albert Martinez, plead guilty to counts three (3), five (5) and seven (7), in violation of 18 U.S.C. 1341 (mail fraud) 18 U.S.C. 666 (a) (1) (A) (b) & 18 U.S.C. 20 (Theft from Organizations receiving federal funds), and 18 U.S.C. 1956 (a) (l) (B) (l) (Money Laundering). He was sentenced to serve fifty-seven (57) months in the Bureau of Prisons on each count to run concurrently and a three year term of supervised release on each count also to run concurrent. The court did not impose a fine, but did impose a one-hundred dollar special assessment for each count for a total of $300.00. The court also ordered Mr.Martinez to pay restitution in the amount of $953,322.07 in 35 equal payments beginning 30 days after commencement of the term of supervised release.

II

The defendant arrived at the Federal Medical Center in March 2000 per Bureau of Prison designation. During custody defendant realized the Bureau of Prisons (BOP) did not adequately provide access to wheelchaired inmates and this was discriminatory in its practices regarding accessibilty. The discriminatory issue is prohibited by Bureau of Prison in its Program Statement #1040.03, dated April 18, 1994, becoming effective April 6, 1994 During the course of confinement defendant had problems in accessing bathroom areas in recreation and kitchen areas. Bureau of prison advised defendant to initiate the administrative remedy procedure. The conditions evidently had existed for many years thus confirming  BOP was not and had not been in compliance to federal laws in regard to accessibility.  These conditions were forced upon defendant by acts of negligence of the Bureau of Prisons.Enclosed to this motion are two (2) complaints filed both support these facts:

1. Conditions had existed for several years and Bureau of Prisons never attempted to correct until complaint was filed.
2. Bureau of prisons was aware federal law complinace was questionable and allowed defendant to live in these conditions nor did BOP advise respective court of facility accessibility problems.
3. The judgement of this respective court forced these conditions upon defendant conditions which are prohibited by the U.S. Constiution.

During the course of the administrative remedy procedure little improvements were made. Even with improvements made conditions are still in violation of law. At present any court would recognize upon inspection of said facilities that BOP did not make an honest attempt to remedy these issues. When a handicapped individual is unable to use bathroom facilities, which BOP affirms is accessible. This supports BOPs' deliberate indifference to the rights of the disabled.

## III

Defendant prays this court recognize the right of defendant to be confined in a safe humane and secure environment to insure compliance with court ordered sanctions. The fact that this defendant was forced to urinate on himself based on BOP not allowing access to recreation area bathrooms confirm deliberate negligence. Request this court issue a decree and/or motion to insure BOP provides adequate access to this defendant and the court recognize these conditions were forced upon defendant by non-compliance to federal law. That this court be held under full compliance to all federal laws in particular the American with Disability Act. of 1990 and provide equal access to all of the disabled. Defendant prays court to intercede on this matter.

Respectfully submitted,

Manuel Albert Martinez
#88613-080
Federal Medical Center
P.O. Box 15330
Fort Worth, Texas 76119

April 8, 2002

U.S. District Clerk
600 E. Harrison St., #101
Brownsville, Texas 78520-7114

Regarding: Cr. No. B-98-394-01 U.S.A. v. Manuel Albert Martinez
        Motion requesting BOP to comply with ADA law and Provide Acessibility


Sirs:

        Please find 1 orginal and 2 copies of a motion for this respective court. The court
has granted a motion to proceed in forma pauperis under 28 U S C 1915. I am submitting
this motion without pre-payment of fees or cost.



                        Cordially,

                        Manuel Albert Martinez
                        #88613-080
                        Federal Medical Center
                        P.O. Box 15330
                        Fort Worth, Texas 76119



    enclosure: Motion 1 original, 2 copies

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 1 2002

Michael N. Milby, Clerk of Court

THE UNITED STATES OF AMERICA
            PLAINTIFF,

v.                                                    Cr. No. B-98-394-01


MANUEL ALBERT MARTINEZ
            DEFENDANT


Motion Request Bureau of Prisons, Under Control of The
Department of Justice To Comply With The American With
Disability Act of 1990 (ADA) and Provide Accessibilty To All
Bathroom Facilities at the Federal Medical Center, Fort Worth
Texas, That Conditions As Exist are Subjecting Defendant to
Cruel and Unusual Punishment Due to Bureau of Prisons and
Department of Justice Not Complying With Federal Laws.