United States District Court
Southern District of Texas
ENTERED
AUG 0 7 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MANUEL A. MARTINEZ,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | C.A. No. B-02-127 |
| UNITED STATES OF AMERICA,<br>Defendant | §<br>§<br>§<br>§ | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is plaintiff's motion requesting the Federal Medical Center of the Bureau of Prisons in Fort Worth, Texas comply with the Americans with Disabilities Act (ADA). Because plaintiff is now on house arrest and no longer incarcerated in the Bureau of Prisons, his claim is moot and, as such, it is recommended that it be dismissed.

### JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### BACKGROUND

Plaintiff, proceeding *in forma pauperis*, has motioned the Court for relief under the Americans with Disabilities Act. Although plaintiff was incarcerated in federal facilities, he is now under house arrest. He complains, however, of violations of the ADA while housed in the Federal Medical Center.

### ANALYSIS

Plaintiff is seeking injunctive relief in the form of the Court ordering the Bureau of Prisons to comply with the ADA. After complaining that the Federal Medical Center is not in conformity with the ADA, he "[r]equest[s] this court issue a decree and/or motion to insure that BOP provides adequate access to this defendant and the court

recognize these conditions were forced upon defendant by non-compliance to federal law" (D.E. 2). Plaintiff is no longer housed in the Bureau of Prisons. Instead, plaintiff is under house arrest. As such, his claim for injunctive relief is moot.

When a prisoner seeks injunctive relief based on the conditions of a particular facility and is subsequently transferred from that facility, the transfer moots the prisoner's claims for relief. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001). Any claim that it is possible for plaintiff to return to the custody of the Bureau of Prisons is too speculative for the court to consider. See id. See also Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987) ("[T]he mere possibility of future consequences is too speculative to give rise to a case or controversy"). Because plaintiff has been transferred out of the Bureau of Prisons and is now on house arrest, his claim is moot.

The exception to the mootness doctrine, that claims 'capable of repetition yet evading review' are not moot, is not applicable here. "This exception applies 'only in exceptional circumstances ... where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" Benavides v. Housing Authority of City of San Antonio, 238 F.3d 667, 671 (5th Cir. 2001) (quoting Spencer v. Kemna, 523 U.S. 1, 17, 118 S. Ct. 978, 988 (1988)). Plaintiff complains about the conditions of the Federal Medical Center, circumstances that are long, not short, in duration. Thus, plaintiff's complaint does not satisfy the first-prong of the exception. Moreover, as already noted, any assertion that plaintiff might return to the Federal

Medical Center is too speculative to consider. Consequently, Plaintiff's complaint does not satisfy the two elements of the exception to the mootness doctrine.

## RECOMMENDATION

For the above mentioned reasons, it is recommended that plaintiff's complaint be DISMISSED as moot.

A party's failure to file written objections to the proposed findings, conclusion and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United States Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 7th day of August, 2002.

Felix Recio
United States Magistrate Judge