IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 4 2002

Michael N. Milby
Clerk of Court

MANUEL A. MARTINEZ
Plaintiff,

C.A. No. B-02-127

V.

UNITED STATES OF AMERICA
Defendant

OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

    COMES NOW, Manuel A. Martinez requesting the Federal Medical Center of the Bureau of Prisons in Fort Worth, Texas comply with the American with Disabilities Act of 1990 (ADA) and provide access to all bathroom facilities to the plaintiff who is disabled. That by not providing access the facility is in violation of section 504 of the Rehabilitation Act of 1973 that applies to all federal agencies which prohibits discrimination against the disabled. Plaintiff was subjected to conditions which were cruel and unusual which is prohibited by the Eighth Amendment. Magistrate notes plaintiff claim is moot because he is no longer incarcerated in the Bureau of Prisons and therefore should be dismissed.

    Plaintiff affirms he was under house arrest and under custody of the Bureau of Prisons thru its half way house contractor, Community Correctional Systems. That under this custody plaintiff had to comply with all requirements as mandated by the Bureau of Prisons thru it contractor. That when plaintiff was placed under house arrest on May 1, 2002 he was placed under this arrangement because Community Correctional Systems thru its Reality House Inc. (halfway house) located at 405 East Washington, Brownsville, Texas could not accommodate plaintiff as it was not equipped to handle wheelchairs and therefore in violation of the ADA law and was also in violation to Rehabilitation Act of 1973 (section 504) as it was allowing discriminatory policies to exist against the disabled. Plaintiff from May 2002 to July 29, 2002 was required by Bureau of Prisons to attend weekly

sessions at Reality House and was subjected to conditions which were in violation of law and the Bureau of Prison required these session knowing the facilities was not in compliance to accessibility law. Plaintiff was carried into facility in wheelchair as facility did not have handicapped ramps nor did it have bathroom facilities that were accessible. Plaintiff on one occasion was carried into bathroom facilities as door was not accessible. Again these conditions are the result of negligence by the Bureau of Prisons and its contractor. The Magistrate notes since plaintiff was transferred out of the Bureau of Prisons and under house arrest and therefore the claim is moot. That fact is incorrect based on the fact that even after being transferred from the Bureau of Prisons, the Bureau of Prisons continued to require plaintiff to attend sessions at the local half way house contractor (Community Correction Systems Inc./ Reality House Inc. All orders from the Bureau of Prisons in Houston were administered by it contractor Reality House, Inc. thus Bureau of Prisons continued to have indirect custody of plaintiff.

The Magistrates notes the exception to the mootness doctrine are claims that are 'capable of repetition yet evading review' were not moot. This case thus falls in this category. The Bureau of Prisons did not comply to the ADA law nor to the Rehabilititation Act of 1973 (section 504). That even after leaving the facility to another facility under control of the Bureau of Prisons, the bureau continued to violate federal law by allowing contractors to operate halfway house facilities that were not in compliance to the ADA law nor Rehabilitation Act of 1973 (section 504). Thus the plaintiff (complaining party) was subjected to the same action when transferred from the Bureau of Prisons. These two facts allow the mootness doctrine not be applicable. The actions of the Bureau of Prisons and its contractor (Community Correctional Systems and Reality House Inc. forced conditions onto plaintiff which were in violation of law and were deliberate. The Bureau of Prisons was advised it was difficult for plaintiff to attend weekly session but insisted on plaintiff attending sessions in a facility that in fact was not accessible forcing undue hardship on plaintiff. These conditions also affirm amendment eight violations that prohibit cruel and unusual punishment. All incidents occurred while under custody of the Department of Justice/Bureau of Prisons and its contractors. Let this respective court recognize the plaintiff filed by separate motion notification that the contractor under control of the Bureau of Prison was forcing plaintiff to endure a situation which was prohibited by federal law.

Plaintiff prays this respective court reviews plaintiff objections and intervene on this matter to insure facilities within the Bureau of Prisons comply with the ADA law and allow accessibility to all the disabled. The court has an obligation to insure all facilities comply with all federal laws and to insure all individuals in custody was treated with dignity and not subjected to violations of law under custody.

Dated this 13th day of August 2002.

Respectfully submitted,

Manuel A. Martinez
602 Scotch St., Apt. 7
Harlingen, Texas 78550